UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ERVIN MIDDLETON,<br><br>Plaintiff,<br>v.<br><br>FIRST PREMIER BANK,<br><br>Defendant. | Case No. 2:13-cv-01344-MMD-GWF<br><br>ORDER<br><br>(Def.'s Motion to Dismiss – dkt. no. 5) |

I.  **SUMMARY**

Before the Court is Defendant First Premier Bank's Motion to Dismiss. (Dkt. no. 5.) The Court has also considered Plaintiff's opposition and Defendant's reply. For the reasons discussed below, the Motion is granted.

II.  **BACKGROUND**

The facts are not readily ascertainable from Plaintiff's Complaint. However, Plaintiff's claims presumably arise out of Defendant's attempts to collect an alleged debt.

Plaintiff brought suit on July 8, 2013, in Las Vegas Township Justice Court. Plaintiff's Complaint does not list any causes of action, and contains a single averment that "Defendant(s) owes Plaintiff(s) the sum of $4,000 for impermissible credit pull and trying to collect an allegedly non-existent debt." (Dkt. no. 1, Ex. A.) Defendant removed the case to this Court pursuant to federal question jurisdiction as the action purportedly contains interpretation of the federal Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq. (*Id.*)

## III. DISCUSSION

### A. Legal Standard

On a 12(b)(6) motion, the court must determine "whether the complaint's factual allegations, together with all reasonable inferences, state a plausible claim for relief." *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys.*, 637 F.3d 1047, 1054 (9th Cir. 2011) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).

When determining the sufficiency of a claim, "[w]e accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the non-moving party[; however, this tenet does not apply to] . . . legal conclusions . . . cast in the form of factual allegations." *Fayer v. Vaughn*, 649 F.3d 1061, 1064 (9th Cir. 2011) (citation and internal quotation marks omitted). "Therefore, conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss." *Id.* (citation and internal quotation marks omitted); *see also Iqbal*, 556 U.S. at 678 (*quoting Twombly*, 550 U.S. at 555) ("A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"). Mindful of the fact that the Supreme Court has "instructed the federal courts to liberally construe the 'inartful pleading' of pro se litigants," *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987), the Court will view Plaintiff's pleadings with the appropriate degree of leniency.

If the court grants a motion to dismiss, it must then decide whether to grant leave to amend. The court should "freely give" leave to amend when there is no "undue delay, bad faith[,] dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of . . . the amendment, [or] futility of the amendment." Fed.R.Civ.P. 15(a); *Foman v. Davis*, 371 U.S. 178, 182 (1962). Generally, leave to amend is only denied when it is clear that

///

the deficiencies of the complaint cannot be cured by amendment. See *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).

**B.      Analysis**

Plaintiffs' Complaint is so deficient that the Court cannot ascertain the causes of action or the facts upon which they rely. Neither can the Court evaluate the validity of Defendant's arguments regarding *res judicata* or whether the FCRA legally bars Plaintiff's claims.

The Complaint does not give fair notice of the claims or factual allegations to allow Defendant to answer or defend itself. Additionally, Plaintiff has not pled any facially plausible claims that allow the Court to draw the inference that Defendant is liable for any misconduct. In fact, Plaintiff has not pled any facts whatsoever and the single statement amounts to a legal conclusion not afforded the assumption of truth.

Plaintiff's opposition does not clarify the issue, but rather quotes the Federal Rules of Civil Procedure and some legal precedent, including out of circuit non-binding precedent,[1] and asserts in a conclusory fashion that the Complaint has stated a claim. At best, the Complaint offers legal conclusions not afforded the assumption of truth and avers to misconduct without identifying what the misconduct actually may have been. Accordingly, Plaintiff has failed to state a claim upon which relief can be granted and the Complaint is dismissed. However, because the Court cannot find that amendment would be futile, the Court grants leave to amend the complaint. In any amended complaint, Plaintiff should identify the legal basis for the claims and factual assertions to support each claim.

---

[1] Plaintiff presumably relies on Hawaii, Connecticut, and Illinois cases to argue "validation requires presentment of the account and general ledger statement signed and dates by the party responsible for maintaining the account." (Doc. 9, at 5.) However, this Court has already rejected this argument holding "Plaintiff's reliance on Hawaii, Connecticut, and Illinois authority is incorrect for two reasons. First, there is well-established binding authority in the Ninth Circuit. Second, the cited cases relate to the sufficiency, authentication, and admissibility of evidence for the purposes of summary judgment under the respective state rules of civil procedure." *Harris v. Crisis Coll. Mgmt. et al*, No. 2:11-cv-1490-MMD-CWH, 2012 WL 5198461 *2 (D. Nev. Oct. 18, 2012).

## IV. CONCLUSION

It is therefore ordered that Defendant's Motion to Dismiss (dkt. no. 5) is granted. Plaintiff may file an Amended Complaint within thirty (30) days of this order. Failure to file an amended complaint within thirty (30) days shall result in dismissal of this action with prejudice.

DATED THIS 24th day of February 2014.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE